IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


ANTHONY CHARLES KNAPP                                              PLAINTIFF

v.                              Civil No. 2:23-CV-02086-PKH-MEF

SHERIFF HOBE RUNION,
Sebastian County, Arkansas, and
JANE OR JOHN DOE
JAIL ADMINISTRATOR                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.        BACKGROUND

Plaintiff filed his Complaint on June 27, 2023.  (ECF No. 1).  He alleges his federal constitutional rights were violated while he was incarcerated in the Sebastian County Detention Center ("SCDC").  Plaintiff indicates he was released from SCDC by bond on May 30, 2023, and is scheduled to be sentenced to the Arkansas Division of Correction on August 17, 2023.  (*Id*. at 2).  Plaintiff failed to list any Defendant in the section of the Complaint form intended for that purpose.  Instead, he listed the "Sebastian County Detention Center and it's administrators" in the caption of the Complaint form.  (*Id*. at 1-3).  The case was docketed to list Sebastian County Sheriff

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Hobe Runion and Doe Administrators as the named Defendants.  Plaintiff raises several claims in his Complaint concerning conditions of confinement, denial of medical care, and the length of his detention.  (*Id.* at 4-8).  He does not, however, list a Defendant in the body of the Complaint for any of his claims, and he does not identify any action or inaction by any Defendant in the body of the Complaint.  (*Id.*).  Instead, he names himself as the Defendant for each claim.  (*Id.*).

Plaintiff proceeds against Defendants in both their individual and official capacities for all claims.  (*Id.*).  He seeks compensatory and punitive damages, and he asks that the Court delay his state case until after this case is settled so that he may avoid retaliation at his next booking into the SCDC on August 17, 2023.  (*Id.* at 9).

## II.      LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal

2

pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.      ANALYSIS

Plaintiff's personal capacity claims are subject to dismissal.  "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)).  Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.  Plaintiff has not alleged a causal link between any of the Defendants and his claims.  *See Martin*, 780 F.2d at 1337 (even a pro se Plaintiff must allege specific facts sufficient to state a claim).  Merely listing a defendant in a case caption is insufficient to support a claim against the defendant.  *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed a pro se complaint that was silent as to defendant except for his name appearing in caption)).

Likewise, Plaintiff's vague and conclusory allegations cannot support an official capacity claim.  *See Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she

3

possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner."); *Arnold v. Corizon, Inc*, No. 1:15CV62, 2015 WL 4206307, at *2 (E.D. Mo. July 10, 2015) (conclusory claims that defendants acted according to some unspecified policies or customs are not enough to state official capacity claims).  Here, Plaintiff has not identified any SCDC policy or custom which violated his rights.  Nor has he identified any actions on the part of any Defendant pursuant to an SCDC policy or custom.

## IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk should be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3), the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of August 2023.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE